[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on July 3, 1971 in New Canaan, Connecticut. The plaintiff has resided continuously in Connecticut for approximately twenty five years. There are no children. The evidence indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
Both parties enjoy good health and have worked during the marriage. The plaintiff currently is employed as a salesman/or a wine distributor, and the defendant works as a hairdresser in a business she owns with her brother. The plaintiff is ten years younger than the defendant.
The evidence reveals that each party must assume some responsibility for the breakdown of this relationship. The court declines to assign fault to either party.
The plaintiff and the defendant have made the court's task of making equitable orders very difficult. Each party has been less than candid in her or his testimony. The answers to questions presented by counsel and the court were for the most part vague, ambiguous and incredible. Both parties either could not recall or did not know important information. For example, it remains a CT Page 6841 mystery as to how a business (beauty salon) producing an annual net profit of $8,000 can furnish sufficient funds to purchase, develop and improve not one but four business properties.
The court has considered all the evidence presented and the statutory criteria set forth in Connecticut General Statutes Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. Neither party shall pay periodic alimony to the other. Alimony has not been requested by either the plaintiff or defendant. Both enjoy good health and have demonstrated an ability to work and care for their own needs.
2. During the entire marriage the defendant worked with her brother in both the operation of a beauty salon and in making investments in real estate. As a result of their joint efforts they are equal owners in a strip shopping center in New Canaan and own a liquor warehouse in Hamden. Although title to these properties are recorded in either a corporate name or in the name of the defendant's brother as trustee, the parties have stipulated that the defendant owns a fifty percent interest in the properties and her interests are so scheduled on her financial affidavit.
During this trial, the defendant has taken the position that since these real estate assets were acquired with the money of the defendant and her brother that the plaintiff is not entitled to receive any interest in them. Also, the defendant suggests that the value of these real estate investments be removed from any consideration when allocating the other assets owned by the parties.
The court finds this claim by the defendant to be unreasonable. The money the defendant invested was earned during the marriage, and the defendant had these funds available because the plaintiff was working and contributing to the needs of the family.
Although the plaintiff has described himself as a hardworker who made major contributions of money and work effort in improving the homes of the parties, the court is not convinced as to the quantity and sincerity of his efforts. However, the court CT Page 6842 does find that the plaintiff was employed and made contributions to the marriage in some degree.
The parties differ greatly as to the value of the strip shopping center. Each produced expert testimony on the issue of fair market value. The court finds that the plaintiff's expert's testimony as to the basis of his opinion was sound, reasonable and more persuasive than the conservative opinion presented by the defendant's real estate appraiser. The court finds the fair market value of the shopping center to be $1,380,000.
The defendant shall transfer to the plaintiff the defendant's entire interest in the marital residence located at 109 Knapp Lane, New Canaan, Connecticut, subject to the existing mortgage and home equity loan, which shall be the sole responsibility of the plaintiff. The plaintiff shall indemnify and hold the defendant harmless from any liabilities thereon.
3. The defendant is awarded her entire interests in the shopping center in New Canaan, Connecticut and in the liquor warehouse in Hamden, Connecticut.
4. The defendant is awarded her interest in the business known as Anthony's Hair Stylists; the checking, savings and IRA accounts listed on her financial affidavit.
5. The plaintiff is awarded any interest he may have in real estate located in Abruzzi, Italy; the three motor vehicles listed on his financial affidavit; the savings account at Binghamton Savings Bank; the bank accounts at People's Bank and New Canaan Bank and Trust listed on his financial affidavit; the 401K plan in his name.
6. There are some assets and debts remaining from the sale of a liquor store formerly operated by the plaintiff under the corporate name of Village Wine and Spirits, Inc. They are to be distributed as follows:
a. In December, 1995 there is an interest payment due from the purchaser of the liquor store. The amount is $36,917.25. From this amount, the parties shall place in escrow with their attorneys sufficient sums to pay all outstanding federal and state taxes due from the sale of the business and the balance shall be paid over to the defendant. The defendant is awarded the entire balance and any unused portion of the escrow funds subject CT Page 6843 to any claims of the other stockholder in the corporation, namely the defendant's mother.
b. There is a checking account in the corporate name at the People's Bank with a balance of approximately $5,000. This entire balance is awarded to the defendant subject to any claims of the other stockholder.
c. There are monthly payments of approximately $1,383 each due from the purchaser of the liquor store for the period of June, 1995 through November, 1995. These payments are awarded to the plaintiff, subject to any claims of the other stockholder.
7. Each party shall be solely responsible for the payment of the liabilities set forth on her and his financial affidavit and hold the other harmless from any liability thereon.
8. Each party shall be responsible for the payment of her and his own counsel fees.
9. The defendant shall turn over to the plaintiff the plaintiff's mother's gold chain and the plaintiff's own gold chain. All other items of personal property of the parties shall be divided by agreement. If they are unable to agree, they shall consult the family relations office for assistance. The court reserves jurisdiction on the division of personal property and will make appropriate orders, if required to do so.
10. The plaintiff owes an arrearage of $1,500 on the pendente lite alimony order for the months of April and May, 1995. The plaintiff shall pay this arrearage by July 1, 1995.
11. The defendant's maiden name of DeFeo is ordered restored.
Judgment may enter accordingly.
NOVACK, J.